**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-0045-CVE |
| ) | (08-CV-0377-CVE-FHM) |
| RICKY WAYNE NELSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Ricky Wayne Nelson's pro se motion seeking to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Dkt. # 23) and defendant's Application to Proceed without Prepayment of Fees and Affidavit (Dkt. # 25). The Court notes that defendant is not required to pay a filing fee to file a motion under § 2255 and there is no need for defendant to request permission to proceed in forma pauperis. Therefore, defendant's motion to proceed in forma pauperis (Dkt. # 25) is moot.

In early 2007, the Tulsa Police Department ("TPD") was investigating the disappearance and possible homicide of Tina Pitts. Police identified Ricky Wayne Nelson as Pitts' boyfriend and obtained a search warrant for his residence. The search warrant is dated January 24, 2006, but the government claims that it was actually issued on January 24, 2007. On February 3, 2007, TPD executed a search warrant at 2148 South 99th East Avenue, Apartment 54K, in Tulsa, Oklahoma as part of its investigation. The search warrant authorized police to search the entire apartment and seize bloody clothing, trace evidence, bloody shoes, blood evidence, and proof of residency. Dkt. # 17-2, at 5. During the search, police found 49 rounds of .25 caliber ammunition on a shelf in the bedroom closet.

On March 7, 2007, Nelson was charged in a single count indictment with being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). On April 23, 2007, Nelson waived his right to a jury trial and entered a plea of guilty to the crime charged.[1] On July 23, 2007, the Court sentenced Nelson to 96 months imprisonment and assessed a fine of $1,000. Nelson did not file a direct appeal. He filed the present motion on June 27, 2008, and this is his first such motion. The Court finds that his § 2255 motion is timely and is properly before the Court.

In his motion, Nelson claims that his appointed counsel, Julia O'Connell, was constitutionally ineffective for failing to file a motion to suppress the ammunition which he contends was seized in violation of the Fourth Amendment of the United States Constitution. Nelson's Fourth Amendment claim is twofold. First, Nelson alleges that the search of his residence on February 3, 2007, was illegal because the search warrant was purportedly issued on January 24, 2006, approximately thirteen months before execution of the warrant. Under Fed.R.Crim.P. 41(e)(2)(A)(I) and Oklahoma law, a search warrant must be executed within ten days of issuance. Second, Nelson contends that seizure of the ammunition exceeded the scope of the search warrant because ammunition was not listed in the warrant as an item to be seized during the search.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).

---

[1] Nelson entered a guilty plea without a plea agreement, but he did submit a petition to enter plea of guilty when he changed his plea. In the petition, Nelson acknowledged that he was "giv[ing] up . . . all pretrial motions, and cannot assert any such motions before the Court or on appeal after pleading guilty." Dkt. # 13-2, at 3. However, this language does not expressly waive defendant's right to raise an ineffective assistance of counsel claim challenging defense counsel's failure to file a pretrial motion and, in an abundance of caution, the Court considers defendant's ineffective assistance of counsel claim.

2

A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.  Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Nelson's claim that his counsel was constitutionally deficient for failing to file a motion to suppress is clearly without merit.  Under Oklahoma law, a search warrant must be executed within ten days of issuance and the search is valid as long as a return is made at some point before trial.[2] OKLA. STAT. tit. 22, § 1231; McGee v. State, 645 P.2d 529, 531 (Okla. Crim. App. 1982).

---

[2] The government assumes that the ten-day period for execution of a federal search warrant found in Fed. R. Crim. P. 41(e) applies.  However, the search warrant was obtained and executed by state law enforcement officers.  The nonconstitutional guidelines provided by Rule 41 for the issuance and execution of a search warrant generally do not apply if "no federal agents participated in obtaining the warrant or in conducting the search." United States v. Gobey, 12 F.3d 964, 967 (10th Cir. 1993).  There is no evidence that federal agents participated in the search in any way and Rule 41 does not apply.  The ten day period for execution applicable to this case is provided by Oklahoma law rather than the Federal Rules of Criminal procedure.

Defendant's own exhibits show that the January 24, 2006 date shown as the issuance date of the warrant is merely a scrivener's error. The form used to prepare the affidavit contained a type-written date of 2006, but referred to facts occurring well after January 24, 2006. As the government notes, Pitts was not reported missing until October 31, 2006, and an investigation into her disappearance would not have been initiated in January 2006. Dkt. # 29, at 4. The police report shows that the search warrant was issued on January 24, 2007, and executed on February 3, 2007. Dkt. # 24, Ex. D1, at 1. Therefore, the search warrant was executed within ten days of issuance and the search was valid under Oklahoma law. The clerical error identified by defendant has no material significance to the validity of the warrant because the search warrant was executed in compliance with Oklahoma law. Clerical error not affecting the ultimate finding of probable cause is not fatal to the validity of the warrant. See, e.g. United States v. Hampton, 633 F.2d 927, 929 (10th Cir. 1981). Therefore, defense counsel was not ineffective for declining to file a motion to suppress on the basis that the search occurred more than ten days after issuance of the warrant.

Second, defendant's claim that the ammunition was illegally seized because it was not listed among the items in the warrant is also without merit. Defendant's exhibits establish that the ammunition was located on the top shelf of his closet. Id. at 2. The affidavit in support of the issuance of the search warrant states that Nelson was under investigation for first degree murder in the disappearance of his girlfriend. The items of property listed to be seized were bloody clothing, trace evidence, bloody shoes, blood evidence, and proof of residency. Dkt. # 17-2, at 5. The search warrant allowed police to search defendant's "apartment" and did not limit the search to particular rooms within the apartment. Id. While searching Nelson's closet for these items, the ammunition was discovered on the top shelf of Nelson's closet.

The government argues that the ammunition was in plain view of the officers conducting the search and the incriminating character of the evidence was immediately apparent. Under the plain view doctrine:

> a law enforcement officer [may] seize evidence of a crime, without violating the Fourth Amendment, if '(1) the officer was lawfully in a position from which the object seized was in plain view. (2) the object's incriminating character was immediately apparent (i.e., there was probable cause to believe it was contraband or evidence of a crime), and (3) the officer had a lawful right of access to the object.'

United States v. Angelos, 433 F.3d 738, 747 (10th Cir. 2006). Under the plain terms of the search warrant, police were lawfully in a position to view the ammunition and had a lawful right of access to the ammunition. The incriminating character of ammunition would be immediately apparent to any officer involved in a homicide investigation. The affidavit for search warrant clearly listed two felony convictions against defendant, and a reasonable police officer could also have determined that defendant's possession of ammunition was prohibited. Dkt. # 17-2, at 2 (affidavit for search warrant notes that defendant had two felony convictions for illegal possession of a controlled dangerous substance). The Supreme Court has recognized that "plain view" doctrine applies when police officers have a warrant to search premises for specific objects and in the course of that search "come across some other article of incriminating character." Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971). In this case, the elements of the plain view doctrine are satisfied and the police seizure of this evidence during the February 3, 2007 search was legal. Therefore, defense counsel did not provide ineffective assistance of counsel by failing to raise this issue in a motion to suppress.

The Court finds that defendant has shown neither that his counsel's performance was constitutionally deficient, nor that he suffered any resulting prejudice from counsel's failure to file a motion to suppress. Section 2255 provides that the district court shall conduct a hearing unless

the motion and records conclusively show that defendant is entitled to no relief. In the present case, the Court concludes that the record conclusively shows that defendant is entitled to no relief, and a hearing is unnecessary.

**IT IS THEREFORE ORDERED** that defendant's Motion under U.S.C § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Dkt. # 23) is **denied**, and defendant's Application to Proceed without Prepayment of Fees and Affidavit (Dkt. # 25) is **moot**. A separate judgment is entered herewith.

**DATED** this 19th day of August, 2008 .

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT